UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REGINALD WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BLACKROCK, INC., *et. al.*,<br><br>　　　　　Defendants. | No. 21-cv-07929-JMF |

# **PLAINTIFF'S MOTION TO APPEAR REMOTELY FOR INITIAL PRETRIAL CONFERENCE**

Plaintiff respectfully moves this honorable Court for an order granting Plaintiff leave to appear remotely (by telephone) for the Initial Pretrial Conference in this matter. As grounds for his motion, Plaintiff states as follows:

1. On March 24, 2022, the Court entered its Notice of Initial Pretrial Conference In *Pro Se* Action (Doc. 23), setting for May 12, 2022, the initial pretrial conference in this matter.

2. Paragraph 5 of this Court's "Individual Rules and Practices in Civil *Pro Se* Cases" provides that any party wishing for the Initial Pretrial Conference to be conducted remotely (either by telephone or video) confer with all parties to the litigation and file a motion to that effect with the Court.

3. Plaintiff submits that on April 21, 2022, he conferred with counsel for Defendants regarding his intention to seek leave of the Court to appear remotely for the

initial pretrial conference given the distance between Plaintiff's residence in Alabama and the Court's location in New York.

4. In addition, Plaintiff (a practicing lawyer licensed in Alabama) will now be appearing in a prisoner abuse trial beginning May 9th, as last-minute settlement negotiations have failed.

5. Defendants do not oppose Plaintiff's motion.

6. Based on the foregoing, Plaintiff respectfully moves this Court for leave to appear remotely (by telephone) for the Initial Pretrial Conference on May 12, 2022.

Dated: April 27, 2022	By: s/ Reginald Williams

*pro se*
3500 Clairmont Avenue South
Birmingham AL 35222
reginald@williams-llc.com

Application GRANTED. The Court will not hold the upcoming conference in this case in person. Counsel should submit their proposed case management plan and joint letter by the Thursday prior to the conference, as directed in the Court's earlier Scheduling Order. In their joint letter, the parties should also indicate whether they can do without a conference altogether. If so, the Court may enter a case management plan and scheduling order and the parties need not appear. If not, the Court will hold the initial conference by telephone, albeit perhaps at a different time. To that end, counsel should indicate in their joint letter dates and times during the week of the conference that they would be available for a telephone conference. In either case, counsel should review and comply with the procedures for telephone conferences set forth in the Court's Individual Rules and Practices for Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman. (Although Plaintiff is proceeding *pro se*, because Plaintiff is a lawyer, the parties should follow the Court's Individual Rules and Practices for Civil Cases, not the Court's Individual Rules and Practices for Pro Se Civil Cases.) The Clerk of Court is directed to terminate ECF No. 39. SO ORDERED.

April 28, 2022