UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REGINALD WILLIAMS,<br><br>        Plaintiff,<br><br>        v.<br><br>BLACKROCK, INC., MICHELLE EDKINS, and RAY CAMERON<br><br>        Defendant. | **DEFENDANTS' ANSWER TO COMPLAINT**<br><br>1:21-CV -07929-JMF |

Defendants BlackRock, Inc. ("BlackRock"), Michelle Edkins ("Edkins") and Ray Cameron ("Cameron"), by its attorneys, Orrick, Herrington & Sutcliffe LLP, for their First Amended Answer to the Second Amended Complaint ("SAC") in the above-captioned matter, responds as follows:

## RESPONSE TO "PRELIMINARY STATEMENT"

1. Deny the allegations contained in paragraph 1 of the SAC, except admit that BlackRock is an asset manager with approximately $10 trillion in assets under management as of December 31, 2021.

2. Deny the allegations contained in paragraph 2 of the SAC, except admit that BlackRock took actions in 2020 to advance the firm's efforts to promote diversity, equity and inclusion.

3. Admit that BlackRock Chairman and CEO Larry Fink sent a company-wide email on June 22, 2020 as alleged in paragraph 3 of the SAC, and respectfully refer the Court to that written communication for its complete and accurate content.

4. Deny the allegations contained in paragraph 4 of the SAC, except admit that Larry Fink addressed BlackRock's employees following his June 22, 2020 written communication.

5. Deny the allegations contained in paragraph 5 of the SAC.

6. Deny the allegations contained in paragraph 6 of the SAC.

7. Deny the allegations contained in paragraph 7 of the SAC, except admit that BlackRock advances a wide range of diversity goals, including goals of promoting both racial and gender diversity.

8. Deny the allegations contained in paragraph 8 of the SAC.

9. Deny the allegations contained in paragraph 9 of the SAC, except admit that BlackRock celebrates the accomplishments of its employees, including its female employees.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations as to Mr. Barry's pursuing an MBA, and deny the remaining allegations contained in paragraph 10 of the SAC.

11. Deny the allegations contained in paragraph 11 of the SAC.

12. Deny knowledge or information sufficient to form a belief as to incidents that Plaintiff purportedly witnessed, and deny the remaining allegations contained in paragraph 12 of the SAC.

13. Deny the allegations contained in paragraph 13 of the SAC.

14. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the SAC.

15. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the SAC.

16. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the SAC.

17. Deny the allegations contained in paragraph 17 of the SAC.

18. Deny the allegations contained in paragraph 18 of the SAC.

19. Deny the allegations contained in paragraph 19 of the SAC.

20. Deny the allegations contained in paragraph 20 of the SAC.

21. Deny the allegations contained in paragraph 21 of the SAC.

22. Deny the allegations contained in paragraph 22 of the SAC.

23. Paragraph 23 of the SAC consists of a reference to a YouTube post of which neither Plaintiff nor Defendants have any first-hand knowledge and no answer or other response is required. To the extent that a response to such allegations contained in paragraph 23 is deemed necessary, Defendants deny the allegations and respectfully refer the Court to the YouTube post for its complete and accurate content.

24. Paragraph 24 of the SAC consists of a reference to a YouTube post of which neither Plaintiff nor Defendants have any first-hand knowledge and no answer or other response is required. To the extent that a response to such allegations contained in paragraph 24 is deemed necessary, Defendants deny the allegations and respectfully refer the Court to the YouTube post for its complete and accurate content.

25. Deny the allegations contained in paragraph 25 of the SAC, except admit that BlackRock partnered with McKinsey & Co. to offer early to mid-career professionals the opportunity to participate in a leadership development program.

26. Deny the allegations contained in paragraph 26 of the SAC, except admit that BlackRock worked with McKinsey & Co. to introduce a Management Accelerator program.

27. Deny the allegations contained in paragraph 27 of the SAC.

28. Deny the allegations contained in paragraph 28 of the SAC.

29. Deny the allegations contained in paragraph 29 of the SAC.

30. Deny the allegations contained in paragraph 30 of the SAC.

31. Deny the allegations contained in paragraph 31 of the SAC.

32. Deny the allegations contained in paragraph 32 of the SAC, except admit that Edkins was invited to speak at the Markulla Center at Santa Clara University.

33. Deny the allegations contained in paragraph 33 of the SAC, except admit that Edkins spoke about diversity on boards and respectfully refer the Court to those remarks for their complete and accurate content.

34. Deny the allegations contained in paragraph 34 of the SAC.

35. Deny the allegations contained in paragraph 35 of the SAC, except admit that Edkins leads the Investment Stewardship Communications team and that Plaintiff was not selected for a position on that team.

36. Deny the allegations contained in paragraph 36 of the SAC.

37. Deny the allegations contained in paragraph 37 of the SAC, except admit that Plaintiff purports to bring claims pursuant to the statutes cited therein.

### RESPONSE TO "JURISDICTION AND VENUE"

38. Paragraph 38 consists of a legal conclusion to which no answer or other response is required. To the extent that a response to such allegations contained in paragraph 38 is deemed necessary, Defendants admit that the Court has jurisdiction pursuant to the statutes cited therein.

39. Deny the allegations contained in paragraph 39 of the SAC, except admit that Plaintiff purports to bring claims pursuant to the statutes cited therein.

40. Paragraph 40 consists of a legal conclusion to which no answer or other response is required. To the extent that a response to such allegations contained in paragraph 38 is deemed necessary, Defendants admit that the Court is the proper venue pursuant to the statutes cited therein.

### RESPONSE TO "PARTIES"

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegation as to Plaintiff's residence. With respect to Plaintiff's allegations as to the statutory definition of "employee", such allegation consists of a legal conclusion to which no answer or other response is required. To the extent that a response to such allegations contained in paragraph 41 is deemed necessary, Defendants admit that Plaintiff was employed by BlackRock Investment Management, LLC, which is wholly owned by BlackRock, Inc., in the Boston, Massachusetts office.

42. Admit the first sentence of paragraph 42 of the SAC. With respect to Plaintiff's allegations as to the statutory definition of "employer", such allegation consists of a legal conclusion to which no answer or other response is required. To the extent that a response to such

allegations contained in paragraph 42 is deemed necessary, Defendants admit that Plaintiff was employed by BlackRock Investment Management, LLC, which is wholly owned by BlackRock, Inc., in the Boston, Massachusetts office.

43. Deny the allegations contained in paragraph 43 of the SAC, except admit that Defendant Edkins' title is Managing Director and she is the Global Head of Institutional Relations and Policy, within the Investment Stewardship team.

44. Deny the allegations contained in paragraph 44 of the SAC, except admit that Defendant Cameron's title is Managing Director and in his previous role at BlackRock Cameron led the Investment Stewardship team for the Americas.

**RESPONSE TO "FACTUAL ALLEGATIONS" AND SUB-HEADINGS THEREIN**

45. Admit the allegations contained in paragraph 45 of the SAC.

46. Deny the allegations contained in paragraph 46 of the SAC.

47. Deny the allegations contained in paragraph 47 of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as to whether certain white employees visiting the Boston office confused Plaintiff with a colleague.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the SAC.

49. Admit the allegations contained in paragraph 49 of the SAC.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's experience prior to BlackRock. Defendants admit that Plaintiff applied for a position with the employee relations team at BlackRock and that he was not selected for a role with that team, and deny the remaining allegations contained in paragraph 50 of the SAC.

51. Deny the allegations contained in paragraph 51 of the SAC.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff "believed" except admit that the roles in Investment Stewardship are highly sought after, and deny the remaining allegations contained in paragraph 52 of the SAC.

53. Deny the allegations contained in paragraph 53 of the SAC, except admit that Plaintiff met certain of the qualifications for the role in the Investment Stewardship team.

54. Deny the allegations contained in paragraph 54 of the SAC, except admit that Plaintiff discussed his interest for the role with Jenny Chow, Vice President, Human Resources Talent Acquisition.

55. Deny the allegations contained in paragraph 55 of the SAC.

56. Deny the allegations contained in paragraph 56 of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegation as to what Plaintiff "committed."

57. Deny the allegations contained in paragraph 57 of the SAC, except admit that Edkins referred Plaintiff to Eric Shostal.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the SAC, except admit that Plaintiff submitted his application for a communications role on the Investment Stewardship team on or about February 11, 2020.

59. Deny the allegations contained in paragraph 59 of the SAC, except admit that positions at BlackRock are regularly refreshed and reposted once they near their system expiration date and that Chow informed Plaintiff of that fact.

60. Admit the allegations contained in paragraph 60 of the SAC.

61. Admit the allegations contained in paragraph 61 of the SAC.

62. Admit the allegations contained in paragraph 62 of the SAC.

63. Deny the allegations contained in paragraph 63 of the SAC, except admit that Chow notified Plaintiff on March 20 that they would need to cancel the interviews due to uncertainty of the ability to hire in the face of the pandemic.

64. Deny knowledge or information sufficient to form a belief as to the truth of what Plaintiff became "aware" of on April 30 as alleged in paragraph 64 of the SAC, except admit that

Plaintiff followed up with Chow concerning the Investment Stewardship position and that Chow did not have an update at the time.

65. Deny knowledge or information sufficient to form a belief as to the truth of what Plaintiff was "mindful" of as alleged in paragraph 65 of the SAC, except admit that Plaintiff notified Chow of his interest in potential opportunities in China.

66. Deny the allegations contained in paragraph 66 of the SAC.

67. Deny the allegations contained in paragraph 67 of the SAC, except admit that Plaintiff contacted Chow to follow up on the role in Investment Stewardship.

68. Deny the allegations contained in paragraph 68 of the SAC, except admit that Chow responded to an email sent by Plaintiff and respectfully refer the Court to that written communication for its complete and accurate content.

69. Deny knowledge or information sufficient to form a belief as to the truth of what Plaintiff was "mindful" of as alleged in paragraph 69 of the SAC, except admit that Plaintiff spoke to Chow about an opportunity on the Investment Stewardship proxy voting team.

70. Deny the allegations contained in paragraph 70 of the SAC, except admit that Chow provided information to Plaintiff about proxy voting position and that the team was looking for someone with, among other skills, a background and/or strong interest in healthcare and/or biotechnology.

71. Admit the allegations contained in paragraph 71 of the SAC.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the SAC, except admit that that the communications team vacancy to which Plaintiff had applied was filled.

73. Deny the allegations contained in paragraph 73 of the SAC, except admit that Plaintiff raised concerns to his manager and Chow regarding the recruiting process for the communications role on the Investment Stewardship team.

74. Deny the allegations contained in paragraph 74 of the SAC, except admit that Daniel Yifru and Anne Ackerley inquired about Plaintiff's application and non-selection for the communications role on the Investment Stewardship team.

75. Deny the allegations contained in paragraph 75 of the SAC, except admit that Daniel Yifru and Anne Ackerley inquired about Plaintiff's application and non-selection for the communications role on the Investment Stewardship team.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the SAC and respectfully refer the Court to any such email for its complete and accurate content.

77. Deny the allegations contained in paragraph 77 of the SAC, except admit that Cameron spoke with Plaintiff by phone and asked Plaintiff about his experience and how it might be relevant to the open role.

78. Deny the allegations contained in paragraph 78 of the SAC, except admit that Chow communicated that Plaintiff would be meeting with other members of Cameron's team following his meeting with Cameron.

79. Deny the allegations contained in paragraph 79 of the SAC, except admit that the proxy voting role was posted and opened to external candidates.

80. Deny the allegations contained in paragraph 80 of the SAC, except admit that Plaintiff sent an email on July 23, 2020 expressing concerns about the recruiting process and respectfully refer the Court to such email for its complete and accurate content.

81. Deny the allegations contained in paragraph 81 of the SAC, except admit that Toretha McGuire, Global Head of Talent Acquisition at the time, spoke with Plaintiff regarding his concerns.

82. Deny the allegations contained in paragraph 82 of the SAC, except admit that McGuire assured Plaintiff that Cameron would conduct a fair hiring process.

83. Deny the allegations contained in paragraph 83 of the SAC, except admit that Cameron reached out to Plaintiff to provide feedback.

84. Deny the allegations contained in paragraph 84 of the SAC, except admit that Victoria Gaytan was hired for the communications role on the Investment Stewardship team.

85. Deny the allegations contained in paragraph 85 of the SAC.

86. Deny the allegations contained in paragraph 86 of the SAC, except admit that Mikayla Byfield was hired as an Associate for a communications role on the Investment Stewardship team.

87. Admit the allegations contained in paragraph 87 of the SAC.

88. Admit the allegations contained in paragraph 88 of the SAC.

89. Deny the allegations contained in paragraph 89 of the SAC, except admit that a white woman was hired for the role based upon her skills and qualifications.

90. Deny the allegations contained in paragraph 90 of the SAC.

91. Deny the allegations contained in paragraph 91 of the SAC, except admit that Chow informed Plaintiff that he was not selected for the proxy voting role on the Investment Stewardship team and his lack of experience and exposure to proxy voting was one factor in that decision.

92. Deny the allegations contained in paragraph 92 of the SAC.

93. Deny the allegations contained in paragraph 93 of the SAC, except admit that Cameron used the term, as he often does, "corporate athlete" and stated that Plaintiff did not demonstrate sufficient experience or interest in the role on his team.

94. Deny the allegations contained in paragraph 94 of the SAC.

95. Deny the allegations contained in paragraph 95 of the SAC.

96. Deny the allegations contained in paragraph 96 of the SAC.

**RESPONSE TO "EXHAUSTION OF ADMINISTRATIVE REMEDIES"**

97. Deny the allegations contained in paragraph 97 of the SAC except admit that the Equal Employment Opportunity Commission issued its Notice of Right to Sue on June 23, 2021 and Plaintiff submitted his original Complaint to the Pro Se Intake Unit of the United States District Court for the Southern District of New York on September 21, 2021. The last sentence of paragraph 97 consists of a legal conclusion to which no answer or other response is required.

## RESPONSE TO "FIRST CAUSE OF ACTION"

### (Discrimination in Violation of Title VII)

98. Defendants reallege and incorporate by reference their foregoing responses to the preceding paragraphs as if fully set forth herein.

99. Deny the allegations contained in paragraph 99 of the SAC.

100. Deny the allegations contained in paragraph 100 of the SAC.

101. Deny the allegations contained in paragraph 101 of the SAC.

## RESPONSE TO "SECOND CAUSE OF ACTION"

### (Retaliation in Violation of Title VII)

102. Defendants reallege and incorporate by reference their foregoing responses to the preceding paragraphs as if fully set forth herein.

103. Deny the allegations contained in paragraph 103 of the SAC.

## RESPONSE TO "THIRD CAUSE OF ACTION"

### (Discrimination in Violation of Section 1981)

104. Defendants reallege and incorporate by reference their foregoing responses to the preceding paragraphs as if fully set forth herein.

105. Deny the allegations contained in paragraph 105 of the SAC.

## RESPONSE TO "FOURTH CAUSE OF ACTION"

### (Retaliation in Violation of Section 1981)

106. Defendants reallege and incorporate by reference their foregoing responses to the preceding paragraphs as if fully set forth herein.

107. Deny the allegations contained in paragraph 107 of the SAC.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the requested relief.

\*   \*   \*

## DEFENSES AND AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendants have any burden of proof, Defendants hereby assert the defenses set forth below. Defendants specifically reserve the right to assert additional affirmative and other defenses that become known through the course of discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's SAC, in whole or in part, fails to state a claim upon which any relief may be granted. Claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq., as amended by the Civil Rights Act of 1991,and 42 U.S.C. Section 1981 must be plead with particularly. Plaintiff failed to do so.

## SECOND AFFIRMATIVE DEFENSE

Defendants allege that even if it is determined that a discriminatory or retaliatory reason motivated the adverse employment action as alleged by Plaintiff, which Defendants has and continues to deny, Defendants would have, in any event, taken the same action based upon other legitimate, non-discriminatory or non-retaliatory reasons standing alone and in the absence of the alleged discriminatory or retaliatory reason. The candidates who were ultimately selected for roles for which Defendant applied were the most qualified candidates for the roles.

## THIRD AFFIRMATIVE DEFENSE

Any loss, or other injury suffered by Plaintiff as claimed was caused by Plaintiff's own actions or failure to act. To the extent Plaintiff suffered loss wages or interest, or is entitled to liquidated damages, the loss and/or damage was caused by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Any act or omission about which Plaintiff complains was taken in good faith. Plaintiff claims he was unlawfully subjected to discrimination and retaliation. To the extent any of Defendants' actions rise to the level of discrimination or retaliation, the acts were taken or omissions occurred in good faith and without discriminatory or retaliatory intentions.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations applicable to his respective claims.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred due to the failure to exhaust administrative remedies and/or internal complaint procedures and remedies.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's alleged damages are not recoverable against individuals such as Defendants Michelle Edkins and Ray Cameron.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of the statutes relied upon in the SAC do not allow for individual liability.

## NINTH AFFIRMATIVE DEFENSE

Defendants hereby give notice that they intend to rely upon such other defenses as may become available or appear during discovery proceedings in this case and hereby reserve the right to amend their Answer to assert any such defenses.

\*   \*   \*

Dated: May 4, 2022                          ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Lisa Lupion*
Lisa Lupion
Tierra Piens (pro hac vice)
51 West 52nd Street
New York, NY 10019-6142
T: 212-506-5000
llupion@orrick.com
tpiens@orrick.com

*Attorneys for Defendants*